IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KELLI M. GRAY,                           Case No. 6:14-cv-01096-AA
    obo, JOHN W. GRAY, deceased           OPINION AND ORDER
      Plaintiff,

        v.

CAROLYN W. COLVIN,
    Acting Commissioner of Social
    Security,

      Defendant.

_____

AIKEN, Chief Judge:

This action is brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying Plaintiff's late husband's application for Supplemental Security Income (SSI).[1] For the

_____

[1] The Court refers to Mr. Gray as "Claimant," and references his wife as "Plaintiff."

1 – OPINION AND ORDER

reasons below, the Commissioner's decision is AFFIRMED.

## Background

Claimant applied for Title II benefits in the past, specifically in 2004, 2006, and 2007. The applications alleged an onset of disability date of July 15, 2000, and he was denied because the agency determined that he was not disabled through that date.

On March 26, 2008, Claimant protectively filed an application for SSI under Title XVI, again alleging disability as of July 2000. The application was denied initially and on reconsideration. After requesting a hearing, Claimant died on May 5, 2010. His wife, Plaintiff, was substituted as his party in interest. Plaintiff and a vocational expert (VE) testified before an Administrative Law Judge (ALJ). Shortly thereafter, the ALJ issued a written decision finding that Plaintiff was disabled as of January 11, 2010, rather than the alleged onset date. Plaintiff sought review from the Appeals Council, which was unable to take action on the Plaintiff's request because the record could not be located. As such, the Appeals Council instructed the ALJ to recreate the record. The Appeals Council denied the request for review after resubmission of the record.

## Standard of Review

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported

2 - OPINION AND ORDER

by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected… to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## Discussion

Plaintiff first argues that the ALJ reopened her late husband's prior applications or, in the alternative, Plaintiff has a colorable constitutional due process claim reopening those applications. Second, Plaintiff argues the ALJ erred by

3 - OPINION AND ORDER

improperly discounting Claimant's allegations. Third, Plaintiff argues that the ALJ failed to properly consider various medical opinions. Finally, Plaintiff argues that the ALJ did not properly consider whether the Claimant's impairments equaled a listing. Defendant argues that the ALJ could not reopen Plaintiff's prior applications because they are time-barred under the relevant regulations and that she has not presented a colorable constitutional claim. Further, Defendant argues that the ALJ properly evaluated the Claimant's allegations and his doctor's opinions. Finally, Defendant argues that Plaintiff failed to meet her burden in establishing that the Claimant's impairments equalled a listing.

### I. Reopening of Plaintiff's Claims

Generally, a refusal to reopen a prior decision is not subject to judicial review. See Califano v. Sanders, 430 U.S. 99, 108-09 (1977). The regulations grant the Commissioner authority to reopen a claim, for any reason, within twelve months of the notice of initial determination, and within four years for good cause. 20 C.F.R. § 404.988. Good cause is found if new and material evidence is provided, there is a clerical error in the computation of benefits, or the evidence considered clearly shows, on its face, that an error was made. See id. § 404.989. Good cause is not found if the only reason for reopening is to change a ruling upon which a determination of

4 – OPINION AND ORDER

disability was made. See id. However, an exception exists if a claimant alleges a viable constitutional due process claim pertaining to a denial to reopen a prior decision. See Califano, 430 U.S. at 109; see also Panages v. Bowen, 871 F.2d 91, 92-94 (9th Cir. 1989) ("The constitutional claims must relate to the manner or means by which the Secretary decided not to reopen the prior decision, rather than to the merits of the prior decision or the means by which that decision was reached."). The exception applies to any "colorable" claim implicating the denial of a meaningful opportunity to seek reconsideration of an adverse benefits determination. Udd v. Massanari, 245 F.3d 1096, 1099 (9th Cir. 2001).

Plaintiff does not have a colorable constitutional claim as she had a meaningful opportunity to reopen her claim, which was denied. Tr. 38-39. Instead, Plaintiff seeks to re-adjudicate her late husband's prior claims on their merits. Further, the ALJ had no authority to reopen the prior applications, because the regulations dictate when, how, and for what reasons the Commissioner may reopen a claim. See 20 C.F.R. § 404.988; see e.g., King v. Chater, 90 F.3d 323, 326 (8th Cir. 1996) ("There can be no constructive reopening after four years because [the] concept cannot extend beyond the scope of authority granted under the regulations."); see Reyes v. Comm'r of Soc. Sec., 2012 WL 1094337 *14-15 (N.D.Cal. March 29, 2012). Thus, despite

considering evidence from as early as 2002, and accepting without comment the onset disability date of July 15, 2000, the ALJ could not reopen Claimant's prior applications.

## II. The ALJ's Evaluation of Claimant's Allegations

Once a claimant produces medical evidence of an impairment, the Commissioner may discredit the claimant's testimony as to the severity of symptoms only with clear and convincing reasons. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). In making these determinations the ALJ is allowed to use ordinary techniques used in the evaluation of credibility. Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012). For example, "[i]f a claimant is able to spend a substantial part of [his] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." Morgan v. Comm'r. of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999). The ALJ may also consider inconsistent or unexplained claimant testimony, failure to follow a course of treatment or recommendations of doctors, evidence of self-limiting behaviors, and a claimant's work history. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); see Molina, 674 F.3d at 1112.

Plaintiff takes issue with the following reasons used by the ALJ in his evaluation of the Claimant: 1) Claimant's work

history; 2) Claimant's daily activities; and 3) that the record did not support the Claimant's allegations. However, the ALJ provided other reasons; for example, the Claimant improved and stabilized through treatment and did not follow proscribed treatments. See tr. 19-26. These in of themselves are clear and convincing reasons. Further, the ALJ did not err in his interpretation of the record or Claimant's daily activities and work history.

The ALJ cited several factors in finding that the Claimant's daily activities were not consistent with his allegations. The Claimant, for example, claimed that he had poor memory, could not do physical activities or household activities, was a "hermit," estranged from his family and friends, and could not go out alone. Tr. 222, 226, 261-63, 288. However, the ALJ noted that his daily activities included taking public transportation, shopping, household chores, taking care of his children including basic cooking and helping them with homework, and he had meaningful interactions with neighbors and friends. Tr. 22, 25-26, 218-19, 221-23, 671, 705-07, 770, 774.

Additionally, the ALJ cited substantial evidence that indicated that the record did not reflect the Claimant's allegations. For example, the ALJ noted that multiple reports showed the Claimant got better or was stable with treatment, and some of his claimed limitations, like memory, were not as

7 - OPINION AND ORDER

limited as alleged. Tr. 20, 22, 26, 313-14, 611, 657, 702, 709, 724-27, 731, 746, 756-57, 768, 775. Finally, the ALJ noted that the Claimant's poor work history began well before the alleged date of disability, indicating that unemployment was due to other issues rather than medical impairments. Tr. 25. In sum, the ALJ provided clear and convincing reasons to discredit the Claimant.

### III. The Evaluation of Treating and Evaluating Physicians

Plaintiff asserts the ALJ erred in evaluating the longitudinal medical evidence, focusing upon the evaluation of Drs. Burns, Brown, Ruminson, and Moore.

There are three types of opinions from physicians: 1) treating physicians, who treat the claimant; 2) examining physicians, who examine rather than treat the claimant; and 3) reviewing physicians, who merely review the claimant's file. See Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001). To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must provide clear and convincing reasons, supported by substantial evidence in the record. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If contradicted by another doctor's opinion, an ALJ may only reject an opinion of a treating or examining doctor by providing specific and legitimate reasons supported by substantial evidence in the record. Id. When conflicting with other opinions, an ALJ must

8 - OPINION AND ORDER

not accept an opinion if it is brief, conclusory, and inadequately supported by clinical findings. Id.

Factors that are relevant to evaluating a medical opinion can include the length and frequency of the treatment relationship and the "nature and extent" of the relationship between the claimant and the physician. Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citations omitted). Additional factors may include the amount of relevant evidence supporting the opinion, the consistency of the opinion with the record, and the understanding a physician has of the disability process and its evidentiary requirements. Id. Further, more weight is given to detailed opinions and to specialist opinions concerning matters relating to their specialty. Holohan, 246 F.3d at 1202 (citing 20 C.F.R. § 404.1527(d)(3)).

**A. Dr. Burns' Opinion**

Plaintiff argues that the ALJ generally erred by rejecting portions of Dr. Burns' evaluation because the "report is the most extensive and comprehensive examination and report of record." See Pl.'s Br. at 14. Dr. Burns found mild limitations in activities of daily living, moderate limitations in concentration, persistence or pace, marked limitations in social functioning, and no decompensation. Tr. 719-22. Additionally, Dr. Burns found marked limitations in the ability to understand and remember detailed instructions but only a moderate

limitation to carry them out, maintain concentration over extended periods of time, work in coordination with others, and complete a workday. Id. Further, Dr. Burns found the Claimant to be only moderately limited in working with the public, accepting instructions from supervisors, and to respond appropriately to changes in work settings. Id. From this, Dr. Burns' concluded that the Claimant's major impediments were fatigue, depression, and anxiety and that the combination would make it hard to adhere to regular employment. Tr. 714.

The ALJ gave Dr. Burns' opinion only some weight as Dr. Burns included fatigue in his functional assessment, which stemmed from entirely subjective reporting and a lack of examination. Tr. 23. Additionally, the ALJ discounted a portion of Dr. Burns' opinion regarding Claimant's memory and understanding because the objective testing, taken together, resulted in less significant limitations than Dr. Burns suggested. Id. The ALJ's observation is reasonable and supported by substantial evidence in the record. Within Dr. Burns' report, Claimant is described as a good historian and that his memory is "generally okay." Tr. 700, 709. Further, while on the Wechsler Memory Scale one score was poor, Dr. Burns commented that he did well with other aspects of the scale. Tr. 712. Finally, other medical opinions cited by the ALJ indicated that Claimant's memory issues were not as severe as indicated by Dr. Burns, such

10 - OPINION AND ORDER

as Drs. Anderson's and Kruger's assessments. Tr. 696, 698, 730. Regardless, comparing the Claimant's residual functional capacity (RFC) and Dr. Burns' diagnoses, the ALJ largely adopted Dr. Burns' findings. See tr. 18, 713-14. Thus, the ALJ did not err in evaluating Dr. Burns' opinion.

**B. Dr. Brown's Opinion**

Plaintiff argues that the ALJ erred in evaluating Dr. Brown's opinion rendered in 2002, because the ALJ compares that opinion with Dr. Kruger's 2010 opinion, which Plaintiff believes is inadequate. Plaintiff also argues it is illogical to compare a 2002 opinion with one from 2010 to assess the validity of either opinion. Pl. Br. 13-14. Further, Plaintiff argues that the ALJ misunderstood Dr. Brown's opinion that the Claimant's depression kept him from attending work.

The ALJ gave Dr. Brown's opinion "little weight" because it "did not square with objective testing" and was inconsistent with that of Dr. Kruger, who opined that Claimant had signs of bipolar disorder II and depression but was otherwise cooperative, pleasant mild mannered, and limited by low-average range intellectual and memory functions. See tr. 731. The ALJ gave great weight to Dr. Kruger's opinion because his opinion the most recent assessment of the Claimant and was consistent with the most recent objective testing. Tr. 23, 24. Further, Dr. Kruger's opinion was more relevant in determining disability for

the applicable period, as it is the most recent assessment and took into account recent objective testing done by Dr. Burns, an examining psychologist. See tr. 23, 729. Dr. Kruger largely agreed with Dr. Burns, concluding that the Claimant had fair attention skills, lower average intelligence quotients, lack of psychiatric symptomatology, and was able to recall repetitive information adequately. See tr. 730-31. The major area of disagreement with Dr. Burns' assessment was with memory. See tr. 730. There, Dr. Kruger opined that portions of Dr. Burn's Wechsler Memory Scale examination revealed improved verbal memory over auditory but that Claimant's auditory memory was only moderately impaired. Tr. 730.

The ALJ also noted that Dr. Brown conducted a psychological examination of the Claimant and also described Claimant as having "very good cognitive skills," "no physical problems," "no functional problems," and "could interact satisfactory with coworkers and the public." Tr. 24, 314-15. Moreover, objective evidence relied upon by Drs. Kruger and Burns indicated that Claimant had mild to moderate limitations that improved with treatment. See tr. 721-22, 726-27, 730-32.

Thus, in evaluating Dr. Brown, the ALJ's reliance on Dr. Kruger's opinion was not erroneous, based upon its proximity to the filing date and reliance on objective evidence contained within other reliable medical opinions.

12 - OPINION AND ORDER

### C. Dr. Ruminson's Opinion

Plaintiff takes issue with the ALJ's evaluation of Dr. Ruminson's opinion. The ALJ afforded Dr. Ruminson's opinion little weight because it was not consistent with more recent assessments by Dr. Burns and Dr. Kruger, both of whom relied on objective testing. Tr. 24. Dr. Ruminson opined that while the Claimant possessed the ability to process and retain information well, medical issues and depression had a negative impact on his capacity for gainful employment. Tr. 23, 318. However, as implicitly noted by the ALJ, there is a lack of objective testing within the report. See tr. 23-24, 316-19. Rather, the report indicates that the conclusions were reached through Claimant's self-reporting. See tr. 316-19. Additionally, the opinion is not inconsistent with the ALJ's determination of the Claimant's RFC, as the ALJ found various mental disorders as severe impairments. Tr. 18. Regardless, the ALJ did not err by relying upon reports containing objective testing and are closer in time to the time of filing.

### D. Dr. Moore's Opinion

Plaintiff also takes issue with the ALJ's evaluation of Dr. Moore's opinion. The ALJ gave Dr. Moore's opinion "minimal" weight because it was inconsistent with later opinions of Drs. Burns and Kruger and their diagnostic conclusions, and Dr. Moore conducted no objective testing. Tr. 23-24. Dr. Moore concluded

13 — OPINION AND ORDER

that "while [Claimant] is able to demonstrate adequate reasoning and understanding, intact memory, and adequate concentration and persistence, his social interaction and adaption abilities appear to be limited to secondary to psychiatric concerns." Tr. 376. However, this conclusion was reached entirely through Claimant's self-reports and subjective testing. See tr. 369-76. Further, Dr. Moore noted that the history provided by Claimant was questionable due to self-reporting, an absence of corroborative records, and the strong smell of alcohol on the Claimant during reporting. Tr. 369. However, Dr. Moore eventually concluded that the Claimant's psychiatric concerns could improve with treatment, supporting the ALJ's similar contention. See tr. 376. Therefore, I find no error.

## IV. Whether Claimant's Impairments Equal a Listing.

A Claimant's impairments may meet or "equal" a listing to establish disability. See 20 C.F.R. § 416.926. Equivalence is determined through review of medical evidence in the record to find if the Claimant's limitations equal, in severity and duration, a particular listing. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990). An ALJ is not required to discuss the combined effects of a claimant's impairments and their equivalency to a listing unless the claimant presents evidence to establish a plausible theory of equivalence to a specific listing. See Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir.

14 - OPINION AND ORDER

2005). Plaintiff argues that ALJ erred in not finding that the Claimant's limitations were equivalent to listing §12.04. However, Plaintiff failed to present evidence establishing equivalence to that listing.

Plaintiff cites evidence that supports a connection between the Claimant's physical and mental impairments. Yet, Plaintiff does not cite evidence of medical findings indicating a "marked" restriction or difficulty of activities of daily living, maintaining social functioning, concentration, persistence, or pace, or repeated episodes of decompensating as listed under B in Listing §12.04. See 20 C.F.R. Pt. 404, Subpt. P, Appx 1 § 12.04. For example, Plaintiff cites Dr. Camacho's comment that the Claimant needed to address both his depression and cardiomyopathy to succeed in therapy. Tr. 334. Plaintiff also cites Dr. Burn's opinion stating that his functionality was "greatly reduced by his cardiomyopathy." Tr. 722. However, on the same form, only one limitation was found to be "marked." Id. Rather, the record indicates mild to moderate objective restrictions sprinkled with self-reported limitations. Thus, the ALJ did not err, because Plaintiff failed to support a plausible theory of equivalence to a listing.

## Conclusion

The ALJ did not reopen the Claimant's past applications, and the ALJ did not err in evaluating the Claimant's credibility

15 – OPINION AND ORDER

or the various medical opinions. Finally, the ALJ did not err in failing to discuss whether the Claimant's impairments equaled a listing. Thus, for the above reasons the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Dated this 27 day of August, 2015.

Ann Aiken
U.S. District Judge